1

2

3

4                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
5                               AT SEATTLE

6   ARIFF GULAMANI and SHAIROSE
    GULAMANI, husband and wife,
7
                        Plaintiffs,
8                                                     C19-1475 TSZ
        v.
9                                                     MINUTE ORDER
    UNITRIN AUTO AND HOME
10  INSURANCE COMPANY,

11                      Defendant.

12
        The following Minute Order is made by direction of the Court, the Honorable
13  Thomas S. Zilly, United States District Judge:

14      (1)    Plaintiffs' motion, docket no. 28, for an extension of time to submit a
    supplemental authority, namely _Ochoa v. Progressive Classic Ins. Co._, 172 Wn. App.
15  688, 296 P.3d 906 (2012), is GRANTED.

16      (2)    Plaintiffs' motion, docket no. 22, to certify certain questions to the
    Washington Supreme Court, pursuant to RCW 2.60.020, is DENIED.

17      (3)    Plaintiffs' motion, docket no. 32, for partial summary judgment regarding
    defendant's affirmative defense and unpled counterclaim for recovery of funds tendered
18  unconditionally is RENOTED to March 13, 2020.

19      (4)    Defendant's motion for summary judgment, docket no. 11, is GRANTED
    in part and DEFERRED in part as follows.  In light of plaintiffs' concession that
20  defendant Unitrin Auto and Home Insurance Company ("Unitrin") did not provide an
    umbrella policy to plaintiffs for the period during which the motor vehicle accident at
21  issue occurred, _see_ Pla.'s Resp. at 2 (docket no. 17), plaintiffs' claims premised on an
    umbrella policy are DISMISSED with prejudice.  Defendant's motion for summary
22  judgment, docket no. 11, is otherwise DEFERRED and RENOTED to February 21, 2020.

23

MINUTE ORDER - 1

(5)     On or before February 14, 2020, plaintiffs shall file a supplemental response to Unitrin's motion for summary judgment, not to exceed twelve (12) pages in length, addressing the following issues:

(i)     what evidence, if any, exists in the record that would lead a rational trier of fact to find plaintiffs' damages relating to the collision at issue exceed the $100,000 limit on Dmitri Bouianov's automobile liability insurance policy;

(ii)     whether Unitrin's unconditional tender of $25,000, in full payment on the underinsured motorist ("UIM") claim at issue, and plaintiffs' apparent acceptance of such amount, render this case moot;

(iii)     whether, and to what extent do, the proceeds of the settlement of plaintiffs' legal malpractice claim reduce the UIM benefits at issue, and how much did plaintiffs receive; *see Harford Cas. Inc. Co. v. Farrish-LeDuc*, 882 A.2d 44 (Conn. 2005); and

(iv)     whether plaintiffs' recovery on their legal malpractice claim precludes their breach of contract, bad faith, and Consumer Protection Act claims in this matter; *see Matson v. Weidenkopf*, 101 Wn. App. 472, 484, 3 P.3d 805 (2000) ("The measure of damages for legal malpractice is the amount of loss actually sustained as a proximate result of the attorney's conduct."); *Bush v. O'Connor*, 58 Wn. App. 138, 147, 791 P.2d 915 (1990) ("the insurer stands in the shoes of the underinsured motorist and provides its insureds with the coverage the underinsured motorist's insurance would have provided").

(6)     Unitrin may file a supplemental reply in support of its motion for summary judgment, not to exceed eight (8) pages in length, on or before the new noting date.

(7)     The Clerk is DIRECTED to seal Exhibit 5 to the Declaration of Janine Tipsord, docket no. 15-6, which contains the full birthdate of plaintiff Ariff Gulamani. *See* Local Civil Rule 5.2(a)(1).

(8)     The Clerk is further DIRECTED to send a copy of this Minute Order to all counsel of record.

Dated this 30th day of January, 2020.

William M. McCool
Clerk

s/Karen Dews
Deputy Clerk

MINUTE ORDER - 2