UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ARIFF GULAMANI, et al.,

        Plaintiffs,

  v.

UNITRIN AUTO AND HOME
INSURANCE COMPANY,

        Defendant.

C19-1475 TSZ

ORDER

THIS MATTER comes before the Court on Defendant Unitrin Auto and Home Insurance Company's Motion for Summary Judgment, docket no. 11, and Plaintiffs Ariff and Shairose Gulamani's Motion for Partial Summary Judgment, docket no. 32. Having reviewed all papers filed in support of and in opposition to the motions, the Court enters the following order.

**Background**

On September 3, 2013, Plaintiff Ariff Gulamani ("Gulamani") was injured in a motor vehicle collision. Waid Decl., docket no. 18, Ex. 1; Goetzke Decl., docket no. 14-1, Ex. 1. The driver who hit Gulamani, Dmitri Bouianov ("Bouianov"), was insured by SAFECO, which accepted liability for the accident. Goetzke Decl., docket no. 14 at ¶ 4. Bouianov's insurance included $100,000 in liability insurance. Waid Decl., docket no.

ORDER - 1

18, Ex. 2. At the time, Gulamani was covered by a Unitrin policy that included no-fault personal injury protection ("PIP") and underinsured motorist coverage ("UIM"). Meyers Decl., docket no. 12-5, Ex. 5 at 20. The UIM coverage provision states that Unitrin will "pay compensatory damages which an 'insured' is legally entitled to recover from the owner or operator of an underinsured motor vehicle." *Id.* at 86.

Gulamani submitted a PIP claim for injuries to his eyes, back, neck, chest, elbows and hand as a result of the accident. Goetzke Decl., docket no. 14 at ¶ 2. Gulamani's health providers disagree regarding whether his eye condition was related to the accident. *Compare id.* at ¶ 3 & Goetzke Decl., docket no. 14-2, Ex. 2 at 19 *with* Tipsord Decl., docket no. 15-6, Ex. 5 at 3. One health provider noted that Gulamani received treatment for his eye injury in February 2015, was stable after treatment, and that he would require periodic glaucoma eye exams for the rest of his life. Tipsord Decl., docket no. 15-6, Ex. 5 at 4. During the three years following the accident, Unitrin paid $10,731.49 towards Gulamani's medical bills for treatment of injuries attributable to the collision. Goetzke Decl., docket no. 14 at ¶ 3.

In 2015, Unitrin asked Gulamani to undergo an independent medical examination to determine whether Gulamani's claimed injuries were caused by the collision and whether future treatment would be necessary. *Id.* at ¶ 6. In June 2016, Unitrin sued Gulamani in state court, seeking a declaratory judgment determining the parties' rights and obligations with respect to the examination. Meyers Decl., docket no. 12-5, Ex. 5. Gulamani filed counterclaims against Unitrin alleging breach of contract, bad faith, and violation of the Consumer Protection Act. Meyers Decl., docket no. 12 at ¶ 7. Unitrin

produced more than 1,100 pages of documents related to the PIP claim including treatment records, claim notes, and correspondence with the independent medical examiner. Goetzke Decl., docket no. 14 at ¶ 8. On January 11, 2017, the parties executed a settlement agreement releasing Unitrin from all claims and damages related to Gulamani's PIP benefits. *Id.* at ¶ 10. The entire state action, including all claims and counterclaims, was subsequently dismissed with prejudice. Meyers Decl., docket no. 12-8, Ex. 8.

In 2018, Plaintiffs sued their former attorneys in state court for malpractice, alleging that the attorneys had failed to commence a lawsuit against Bouianov before the statute of limitations for Plaintiffs' personal injury protection claim expired on September 3, 2016. Meyers Decl., docket no. 12-9, Ex. 9. Plaintiffs' former attorneys admitted that they had failed to commence a timely lawsuit against Bouianov on Gulamani's behalf within the statute of limitations period. Meyers Decl., docket no. 12-10, Ex. 10. The parties later settled for $100,000, which was the maximum amount of damages that Plaintiffs could show was caused by the missed statute of limitations on the personal injury claim. Waid Decl., docket no. 37 at ¶ 3.

On April 1, 2019, Plaintiffs' counsel notified Unitrin that Gulamani planned to make a UIM claim based on Gulamani's eye condition. Tipsord Decl., docket no. 15, Ex. 1. In support of the notice, Gulamani submitted 900 pages of documents. *Id.* 885 of those pages were previously produced in the 2016 state court action. Tipsord Decl., docket no. 15 at ¶ 3.1.a. On May 8, 2019, Unitrin offered Gulamani $15,000 to settle the claim. *Id.* at ¶ 5. On August 12, 2019, Plaintiffs commenced this suit, asserting claims

of breach of contract, bad faith, and claims under the Consumer Protection Act. Docket no. 1-2. Plaintiffs allege that Unitrin breached a duty to pay UIM benefits owed to Plaintiffs under their policy. *Id.*

On October 30, 2019, Unitrin filed a motion for summary judgment, contending that various issues warranted the dismissal of Plaintiffs' complaint. Docket no. 11. On January 29, 2020, Plaintiffs filed a motion for partial summary judgment regarding one of Unitrin's affirmative defenses. Docket no. 32. On January 30, 2020, the Court dismissed Plaintiffs' claims premised on the alleged umbrella policy in light of Plaintiffs' concession that Unitrin did not provide an umbrella policy to Plaintiffs when the accident occurred. *See* docket nos. 17 & 35.

**<u>Discussion</u>**

The Court shall grant summary judgment if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A fact is material if it might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To survive a motion for summary judgment, the adverse party must present affirmative evidence, which "is to be believed" and from which all "justifiable inferences" are to be favorably drawn. *Id.* at 255, 257. When the record, however, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, summary judgment is warranted. *See Beard v. Banks*, 548 U.S. 521, 529 (2006) ("Rule 56(c) 'mandates the entry of summary judgment, after adequate time

for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" (quoting *Celotex*, 477 U.S. at 322)).

**A. Unitrin's Duty to Provide Coverage**

Plaintiffs' UIM policy with Unitrin states that Unitrin will pay any benefits the policyholder is "legally entitled to recover" from the tortfeasor. Meyers Decl., docket no. 12-5, Ex. 5 at 86. To determine whether an insurer has a duty to pay benefits an insured is legally entitled to, the insurer "stands in the shoes" of the uninsured motorist and has the same defenses to a claim that the uninsured motorist would have against the person seeking recovery. *Sayan v. United Servs. Auto. Ass'n*, 43 Wn. App. 148, 157 (1986). Therefore, pursuant to the insurance policy, Unitrin only owed Plaintiffs a duty to pay UIM benefits under the Unitrin policy if they were "legally entitled to recover" damages from Bouianov. Gulamani's accident occurred on September 3, 2013. As Plaintiffs acknowledged in their malpractice suit, the three-year tort statute of limitations against Bouianov expired on September 3, 2016 as provided by RCW 4.16.080(2).[1] Meyers Decl., docket no. 12-9, Ex. 9 at 4-6. When Plaintiffs sought benefits under the UIM policy with Unitrin, Unitrin had no duty to pay benefits because the statute of limitations for any action against Bouianov had long since expired. Plaintiffs' claim

---

[1] Plaintiffs contend that *Safeco Ins. Co. v. Barcom*, 112 Wn.2d 575 (1989) dictates a different result. In *Safeco*, the court held that the tort statute of limitations could not supplant the contract statute of limitations on a UIM claim. *Id.* at 583. The insured in *Safeco* notified the insurer of his UIM claim less than four months following the incident, well within the tort statute of limitations. *Id.* at 583-84. The court noted that the insurer had not suffered any prejudice as a result. *Id.* at 584. The case here, however, presents the separate question of whether, when Plaintiffs filed their claim, the Unitrin policy gave rise to a duty to provide benefits.

ORDER - 5

against Unitrin fails. *Sayan*, 43 Wn. App. at 156-57 (1986); *W. Fire Ins. Co. v. Miller*, 98 Or. App. 79, 82 (1989) (applying Washington law).

**B.  Res Judicata**

Res judicata also bars Plaintiffs' suit.  Res judicata bars the litigation of claims that could have been addressed in a prior lawsuit. *Schwartz v. State Farm Mut. Auto Ins. Co.*, 2017 WL 881385, at *3 (W.D. Wash. Mar. 6, 2017).  The doctrine applies where (1) the two suits arise from the same transactional nucleus of facts, (2) there is a final judgment on the merits in the prior lawsuit, and (3) there is privity between the two parties. *Id.*

The present action meets all three requirements.  The claims in this suit "arise from the same transactional nucleus of facts, seek to redress the same wrong, and would involve presentation of substantially the same evidence" as the previous action. *Smith v. State Farm Mut. Auto. Ins. Co.*, 2013 WL 1499265 at *5 (W.D. Wash. Apr. 11, 2013). The claims in both cases involve the same accident and the same insurance policy.  The discovery in this case consists of largely the same documents as were produced in the prior state action. Tipsord Decl., docket no. 15 at ¶ 3.1-3.1.a.  Those records include Unitrin's records relating to the treatment and surgery that Gulamani underwent for his eyes. *Id.*  Gulamani's ophthalmologist noted that Gulamani's eye condition remained stable after treatment in 2015 but that he required annual glaucoma exams. *See* Tipsord

Decl., docket no. 15, Ex. 5.  Plaintiffs were aware of the facts necessary to bring the UIM claim in the prior state action.[2]

Plaintiffs do not dispute that the parties' settlement in the prior state action constitutes a final judgment on the merits for the purposes of res judicata.  *See, e.g., State Dep't of Ecology v. Yakima Reservation Irr. Dist.*, 121 Wn.2d 257, 290 (1993).  Plaintiffs also do not dispute that privity between the parties exists because the parties in both suits have an identity of interests.  *See, e.g., McClain v. 1st Security Bank of Washington*, 2016 WL 8504775, at *3 (W.D. Wash. April 21, 2016).

In this case, Plaintiffs' claims are also barred by res judicata.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) Defendant Unitrin Auto and Home Insurance Company's Motion for Summary Judgment, docket no. 11 is GRANTED.  Plaintiffs' claims are DISMISSED with prejudice.

---

[2] Plaintiffs contend in response that the claims are not identical because no issues related to UIM coverage were actually raised or litigated by either party in the previous suit.  *Schwartz v. State Farm Mut. Auto. Ins. Co.* is similar to this case.  2017 WL 881385 (W.D. Wash. Mar. 6, 2017).  In *Schwartz*, the court acknowledged that an insured did not raise PIP regulatory violation claims in an earlier suit for UIM coverage.  *Id*. at 3.  The court ultimately found, however, that res judicata barred the suit because plaintiff *could have* raised the PIP claim in the earlier UIM action where the prior suit involved the same policy and accident, and the facts underlying both claims were the same.  *Id.*  Plaintiffs' response also confuses claim preclusion with issue preclusion.  The Court recognizes that res judicata is "not a precise term."  *Kelly-Hansen v. Kelly-Hansen*, 87 Wn. App. 320, 327 (1997).  Indeed, the Washington Supreme Court "has used res judicata to mean both claim preclusion and issue preclusion."  *Id.* at 328.  When res judicata is meant to describe claim preclusion, as is the case here, it bars "not only . . . points upon which the court was actually required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject of litigation, and which the parties, *exercising reasonable diligence*, might have brought forward at that time."  *Id*. at 329 (emphasis in original).  In other words, "all parts of a successful claim are merged in the final judgment" and "all parts of an unsuccessful claim are barred by the final judgment."  *Id*. at 330.

ORDER - 7

(2) Plaintiffs Ariff Gulamani's and Shairose Gulamani's Partial Motion for Summary Judgment, docket no. 32, is STRICKEN as moot.

(3) The Clerk is directed to send a copy of this Order to all counsel of record, enter judgment consistent with this Order, and to CLOSE this case.

IT IS SO ORDERED.

Dated this 2nd day of April, 2020.

_/ s / Thomas S. Zilly_
Thomas S. Zilly
United States District Judge